IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENA HARRIS, as Administrators of the Estate of Chaungene L. Ward, Deceased, and MONICA NOLAN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>OLEG VELICHKOV, NERMIN DONESKI, MICKEY'S TRUCKING EXPRESS, INC., MILCO DONESKI, FEDEX NATIONAL LTL, INC., and FRESH START, INC.,<br><br>　　　　　Defendants. | 8:09CV349<br><br>FINAL AMENDED ORDER SETTING PROGRESSION OF CASE |

This matter is before the court on Plaintiffs' Unopposed Motion for Extension of Time to Complete Expert Disclosures (filing 89).

**IT IS ORDERED** that Plaintiffs' Unopposed Motion for Extension of Time (filing 89) is granted.

**IT IS FURTHER ORDERED** that the provisions of the court's earlier, initial progression order remain in effect, and in addition to those provisions, the following shall apply:

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **December 28, 2012.** *See* NECivR 56.1 and 7.0.1.

2. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than **November 7, 2011**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

not later than **December 21, 2011.** If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **January 21, 2012**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

3. **Motions in Limine.** Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **February 15, 2012,** and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

4. **Planning Conference.** A telephone conference with the undersigned magistrate judge will be set following the ruling on the motion for summary judgment.

**DATED October 11, 2011.**

                        **BY THE COURT:**

                        S/ F.A. Gossett
                        **United States Magistrate Judge**