IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENA HARRIS as Administrator of the Estate of CHAUNGENE L. WARD, deceased, and MONICA NOLAN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>OLEG VELICHKOV, FRESH START, INC., NERMIN DONESKI, MICKEY'S TRUCKING EXPRESS, INC., MILCO DONESKI and FEDEX NATIONAL LTL, INC.,<br><br>                    Defendants. | 8:09-CV-349<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on the plaintiffs' Objection to Magistrate Judge's Order (filing 113). Pursuant to NECivR 72.2 and 28 U.S.C. § 636(b)(1)(A), the Court has reviewed the record and finds that the Magistrate Judge's order was neither clearly erroneous nor contrary to law. A brief procedural history of the relevant filings will be helpful in explaining why the Court finds the plaintiffs' objection to lack merit.

      The plaintiffs' complaint (filing 1) was filed on October 1, 2009. It alleged claims for relief that, generally described, arose out of an automobile accident which occurred between the plaintiffs' vehicle and a tractor-trailer operated by Oleg Velichkov. The defendants included Velichkov, his alleged employers, and FedEx National LTL, Inc. (FedEx), which had contracted with Velichkov's employers for transport services.

      A scheduling order (filing 41) was entered on March 8, 2010, which set a deadline of April 9 for the plaintiff to amend pleadings and/or add parties. That provision was reconfirmed on July 13 (filing 46). An amended scheduling order (filing 62) was entered on October 25, on the joint motion of the parties, extending certain deadlines. That order did not discuss an extended deadline for amending pleadings, which is not surprising because the initial deadline for amendment had long since passed. The same was true

of the second amended scheduling order (filing 82), entered on July 28, 2011, the third amended scheduling order (filing 87), entered September 7, and the *final* amended scheduling order (filing 90), entered October 11.

On November 23, 2011, the parties filed a Joint Motion to Amend Scheduling Order (filing 100) seeking yet another amendment. In particular, the plaintiffs now sought leave to file an amended complaint that would, among other things, "plead a theory of independent negligence against FedEx National." *See id.* The Magistrate Judge, who had apparently meant what he said by "final," entered an order (filing 101) denying the motion. The Magistrate Judge reasoned that the case had been pending for more than two years and "that to allow Plaintiffs to file an amended complaint so as to add the theory of independent negligence against FedEx National, and then give Defendants additional time to conduct discovery with respect to this amendment, would unduly delay this litigation." *See id.* The parties reargued the Magistrate Judge's ruling in an off-the-record conference with Chief Judge Joseph F. Bataillon, who entered a text order (filing 109) finding that the Magistrate Judge's ruling was sound.

Nonetheless, the plaintiffs filed a motion to amend their complaint (filing 110) supported by a brief (filing 111). The Magistrate Judge entered yet another order (filing 112) denying the plaintiffs' motion. The plaintiffs then filed the present objection (filing 113) and a brief in support (filing 114), and FedEx has filed a brief in opposition (filing 115).

Fed. R. Civ. P. 15(a)(2) provides that the Court should freely give leave to a party to amend its pleadings when justice so requires. But if a party files for leave to amend outside of the Court's scheduling order, the party must show good cause to modify the schedule. *See,* Fed. R. Civ. P. 16(b)(4); *Popoalii v. Correctional Medical Services,* 512 F.3d 488 (8th Cir. 2008). The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements. *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709 (8th Cir. 2008). In this case, good cause has not been shown.

The plaintiffs argue that their original complaint (filing 1) stated claims for both negligent hiring and negligent entrustment on the part of FedEx. That much is true. But the plaintiffs' complaint premised those claims entirely upon allegations that FedEx was negligent in hiring, training, and supervising the allegedly-negligent driver, Velichkov. The proposed amended complaint (filing 110-1), however, would add an entirely new theory of recovery. In the amended complaint, the plaintiffs allege that FedEx was negligent in contracting with Velichkov's employers, Fresh Start, Inc., and Mickey's Trucking Express, Inc., because FedEx knew or should have known that Mickey's Trucking Express had a poor safety record. *See id.* Even a liberal construction of the plaintiffs' original complaint would not have

- 2 -

suggested this theory of liability. The plaintiffs' characterization of their amended complaint as a "formality" that serves to "'clarify' the causes of action", *see* filing 114 at 8, is without merit.

But more to the point, under Rule 16(b)(4), the question is not the effect of the amendment, but whether the plaintiffs were diligent in attempting to meet the requirements of the scheduling order. *See Sherman, supra.* Plaintiffs' portrayal of the proposed amendment as a long-understood formality begs the question of why it took this long. And nothing in the plaintiffs' brief explains, or seeks to explain, why they only sought leave to amend their complaint over 17 months after the deadline for doing so had passed. They have not, for instance, contended that the factual basis for their additional allegations only became clear after extended discovery. *See, generally, id.* They have, in fact, provided no explanation for why their motion to amend was filed so late. *See, e.g., Freeman v. Busch,* 349 F.3d 582 (8th Cir. 2003).

The plaintiffs' attempt to amend their petition has been repeatedly rejected by the Magistrate Judge and by another District Judge. It is definitively without merit. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See,* § 636(b)(1)(A); *Ferguson v. U.S.,* 484 F.3d 1068 (8th Cir. 2007). In this case, the Magistrate Judge's ruling was neither.

THEREFORE, IT IS ORDERED that the plaintiffs' objection, filing 113, is overruled.

Dated this 21st day of February, 2012.

BY THE COURT:

*s/ John M. Gerrard*
John M. Gerrard
United States District Judge