IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENA HARRIS, as Administrators of the Estate of Chaungene L. Ward, Deceased; and MONICA NOLAN,<br><br>        Plaintiffs,<br><br>  vs.<br><br>OLEG VELICHKOV, et al;<br><br>        Defendants. | 8:09CV349<br><br>**MEMORANDUM AND ORDER** |

      The previously named defendant, FedEx National LTL, Inc., was dismissed by summary judgment on May 4, 2012. (Filing No. 146). A settlement conference was held between the plaintiffs and the remaining defendants on October 10, 2012. Based on the information of record and the representations of counsel, there are insufficient funds available from the remaining defendants, Fresh Start, Inc., Oleg Velichkov, Nermin Doneski, Milco Doneski, and Mickey's Trucking Express, Inc., (hereinafter referred to as "released defendants") to fully compensate either plaintiff and those who rendered services to, or paid for services on behalf of, either plaintiff for the damages arising from the accident at issue. The settlement conference therefore focused on how to equitably allocate the limited funds available.

      The settlement conference ended with an agreement regarding the percent of available funds to be allocated to each plaintiff. The parties agreed that Monica Nolan would receive 57.5 percent of the available funds and the Estate of Chaungene L. Ward would receive the remaining 42.5 percent. Counsel for each plaintiff was then responsible for negotiating with lienholders in the hopes that some money would be available to pay the plaintiffs themselves after all liens were paid. That issue has been pending for over five months. As represented by counsel for plaintiff Monica Nolan (Filing No. 167), and the filing made by St. Elizabeth's Hospital (Filing No. 166), all the negotiated lien amounts are now available save one: the amount owed to TennCare. That lien remains subject to negotiation. In a very unusual and concerted effort to wrap this case up, in my capacity as the presiding officer

over the settlement conference, my chambers contacted TennCare directly several times in the hopes of moving this matter along, but to no avail.

Maintaining the status quo while TennCare continues to consider its position is unacceptable. Plaintiff Nolan has received nothing in settlement for an accident that occurred over five years ago. But the released defendants are unable to pay settlement funds directly to her when those funds remain subject to liens. The lienholders who discounted their liens <u>substantially</u> for the sake of Plaintiff Nolan are entitled to be paid at least the discounted amount, Ms. Nolan is entitled to be paid, and the released defendants, who were ready and willing to pay even before the settlement conference, are entitled to close this file with an assurance that their payment obligations for the accident at issue are complete and as to them, this case is fully and finally settled.

Accordingly, the court ordered the released defendants to deposit their funds with the court. The parties have provided the following accounting for the distributions due with respect to Monica Nolan:

| **Monica Nolan** | | |
|---|---|---|
| Total Gross Settlement | **$464,963.49** | |
| Legal Fees-Gatti Keltner Law Firm | (2,198.33) | |
| Legal Fees-Cochran, Cherry Law Firm | (152,789.50) | |
| St. Elizabeth's Lien | (46,000.00) | |
| Medicare Lien | (6,656.05) | |
| TennCare Lien | (29,716.78) | Final amount undetermined as of this date. |
| Lincoln Surgical Group | (51,715.20) | |
| **Total Due Monica Nolan** | **$175,887.63** | Pending final resolution of the TennCare lien. |

Pursuant to the terms of the parties' settlement, all known legal expenses for both Plaintiffs, a sum totaling $163,950.00, were to be paid in full prior to the distribution of settlement monies by the agreed upon percentage to the two plaintiffs. Of those expenses, Plaintiff Nolan still owes $48,472.47 to the law firm of Humphrey, Farrington & McClain, and $11,990.43 to the law firm of Cochran, Cherry, Givens & Smith, P.C. (Filing No. 168, ¶¶ 6-7).

The parties further represent that all disbursements, including the legal expenses owed to Humphrey, Farrington & McClain, have been made with respect to the Estate of Chaungene L. Ward except legal fees owed to the Gary, Williams Law Firm in the amount of $114,556.21 and legal expenses owed to the Gary, Williams Law Firm in the amount of $62,994.08. LPG National Capital, LLC ("LPG") and The Northern Trust Company ("Northern Trust") each hold senior liens over all fees and costs owed to Gary, Williams pursuant to secured loans extended to Gary, Williams which are currently in default. LPG, Northern Trust, the Gary Williams law firm, and the released defendants have entered into a stipulation for disbursement of these funds. The court has approved the stipulation and will order the funds to be dispersed by the Clerk's office in accordance with the stipulation.

Accordingly,

IT IS ORDERED:

1) The released defendants have deposited $464,963.49 with the clerk in settlement of Plaintiff Nolan's claims. Upon confirmation of where those funds must be sent (see paragraph (2)), the clerk of the court shall distribute:

    $175,887.63 to plaintiff Monica Nolan;

    $46,000.00 to St. Elizabeth's Hospital;

    $6,656.05 to Medicare; and

    $51,715.20 to Lincoln Surgical Group.

The remaining funds for settlement of Plaintiff Nolan's claims against the released defendants shall not be distributed by the clerk until further order of the court.

2) By the close of business on April 1, 2013, Plaintiff Nolan's counsel shall provide the court with the specific information for payment of the liens, including to whom the checks should be made payable, the addresses for mailing the checks, any applicable account numbers or other information that should appear on the checks, and the name – if any – of the person to whom the payments should be directed.

3) The released defendants have deposited $177,550.29 with the clerk in settlement of the claims asserted by the Estate of Chaungene L. Ward. Upon confirmation of where those funds must be sent (see paragraph (4)), the clerk of the court shall distribute:

    $72,498.20 to The Northern Trust Company;

    $72,498.21 to LFGNational Capital, LLC;

        $27,563.88 to the Gary, Williams law firm; and

        $5,000.00 to the Estate of Chaungene L. Ward.

4) By the close of business on April 1, 2013, counsel for Plaintiff Estate of Chaungene L. Ward shall provide the court with the specific information for payment of the amounts identified in paragraph 3, including to whom the checks should be made payable, the addresses for mailing the checks, any applicable account numbers or other information that should appear on the checks, and the name – if any – of the person to whom the payments should be directed.

5) On or before April 5, 2013, the released defendants shall deposit with the clerk an additional sum of $62,462.90. Upon receipt of these additional settlement funds from the released defendants, the clerk of the court shall distribute:

        $48,472.47 to the law firm of Humphrey, Farrington & McClain at its address of record on the court's docket; and

        $11,990.43 to the law firm of Cochran, Cherry, Givens & Smith, P.C. at its address of record on the court's docket.

6) The amount of the TennCare lien, $29,716.78, and the amount for payment of attorney fees and expenses to Plaintiff Nolan's counsel shall be held by the court until counsel has completed his responsibility of negotiating the TennCare lien on behalf of Ms. Nolan, and provides documentation to the court of the final negotiated amount to be paid.

7) Upon entry of this order and the parties' joint motion for dismissal, this case will be dismissed with prejudice, and a judgment will be entered accordingly.

8) Following the entry of judgment, the court will close this case administratively, but will retain continuing jurisdiction to distribute the funds held and received by the court in accordance with this order, Plaintiff Nolan's settlement agreement, (Filing No. 168), and the stipulation for release of funds, (Filing No. 169).

March 29, 2013.

                                          BY THE COURT:

                                          *s/ Cheryl R. Zwart*
                                          United States Magistrate Judge